IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN J. SUPPLES, ) | |
| ) | Civil Action No. 16-342 |
| Plaintiff, ) | |
| ) | District Judge Cathy Bissoon |
| v. ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| LEO L. DUNN, ERIC ) | |
| PENNYPACKER, *Parole Supervisor* ) | ECF No. 19 |
| *at State Correctional Institution* ) | |
| *Mahanoy*, and MS. SCANDLE; *Parole* ) | |
| *Agent at State Correctional Institution* ) | |
| *Mahanoy*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

For the following reasons, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 19) be granted and that that Plaintiff's Complaint (ECF No. 3) be dismissed without prejudice.

**II.    REPORT**

This is a prisoner civil rights action that was initiated by Plaintiff *pro se* on March 24, 2016.  In his Complaint, Plaintiff alleges that the Pennsylvania Board of Probation and Parole ("the Board") improperly recalculated his maximum sentence date in a decision on May 2, 2007.  Defendants[1] have filed a Motion to Dismiss Plaintiff's Complaint arguing, *inter alia,* that this action is barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994).

---

[1] Defendants include Leo L. Dunn, the current Chairman of the Board, and Eric Pennypacker and Ms. Scandle who are employed at the parole office at SCI Mahanoy.

1

For the following reasons, Defendants' Motion will be granted and Plaintiff's Complaint will be dismissed without prejudice.

### A. Relevant Facts

Plaintiff alleges that "Defendant John Doe,[2] in his individual capacity, who at the time of plaintiff's incident of May 1, 2007, was employed at the Pa. Board of Probation and Parole, . . . was responsible for computing an unlawful legislative parole violation extension of (2 years 5 months and 3 day) onto Plaintiff's original dockets #CP122 and 331 of 1999 for time not served on parole." (ECF No. 3 at p.3.) Based on this alleged improper recalculation, Plaintiff claims that he was forced to serve an unlawful maximum sentence past his expiration date. Id. Plaintiff also alleges that Defendants Pennypacker and Scandle, who were employed at the parole office at SCI Mahanoy where he was incarcerated, failed in their duty to assist and properly investigate the improper recalculation which resulted in his unlawful confinement. Id. at pp.3-4. Plaintiff requests compensatory damages in the amount of $1,000 for every day he had to spend incarcerated beyond his parole violation maximum date. Id. at p.4.

The documents attached to Plaintiff's Brief in Support of his Complaint (ECF No. 8-1), along with public records, establish the following facts:[3]

On July 20, 1999, Plaintiff was sentenced to 2 years 3 months to 10 years for robbery (CP #122/1999, Lawrence County) effective February 27, 1999 (reflecting 144 days credit for time served). (ECF No. 8-1 at pp.1, 10.) On October 21, 1999, Plaintiff was sentenced to 6 months to

---

[2] Defendant John Doe has since been identified as Leo L. Dunn, the current Chairman of the Board.

[3] While Plaintiff did provide the Court with some relevant documents relating to his convictions, sentences and parole violations, he did not provide the Court with all relevant documents. However, the Court will take judicial notice of the relevant documents that were not provided because they are a matter of public record.

2 years for receiving stolen property (CP #331/1999, Lawrence County). (ECF No. 8-1 at pp.2, 10.) These sentences were to run consecutive to each other for a total sentence of two years, nine months to twelve years, with an original maximum expiration date of February 27, 2011. (ECF No. 20, p.12.)

On November 25, 2002, Plaintiff was released on parole after serving approximately **1,367 days** of his sentence. *See* Supples v. Pennsylvania Board of Probation and Parole, 1780 C.D. 2004 (Pa. Commw. Ct. Mar. 31, 2005).[4]

By order of February 11, 2003, the Board declared him to be delinquent on parole. Id.

On March 14, 2003, Plaintiff was arrested by the Aliquippa Police Department, at which time the Board issued a warrant to commit and detain him. Plaintiff posted bail on March 31, 2003, and was thereafter held on the Board's detainer. He was detained for approximately **168 days**, which was credited toward his original twelve-year Lawrence County sentence, before he pleaded nolo contendere to simple assault and resisting arrest on September 15, 2003, (CP#863/2003, Beaver County). For these crimes he was sentenced to a term of 6 months to 23½ months incarceration. *See* Supples, *supra*.

Plaintiff was charged with technical parole violations relating to his conduct before his arrest by the Aliquippa Police, and after a hearing he was recommitted to serve nine months backtime. A second panel revocation hearing was held November 18, 2003 in regard to the new Beaver County criminal convictions, and Plaintiff was recommitted as a convicted parole violator to serve twelve months backtime when available concurrent with the previously imposed nine months. *See* Supples, *supra*.

---

[4] Defendants submitted the Commonwealth Court's Opinion, which is docketed at ECF No. 20, at pp.12-15.

Plaintiff was paper paroled from his Beaver County sentence on March 2, 2004, but he remained incarcerated and continued to serve time on his original twelve-year Lawrence County sentence until he was reparoled approximately **565 days** later on September 19, 2005.[5] ([ECF No. 8-1 at p.3](#).)

On May 13, 2006, while on parole, Plaintiff was arrested in Lawrence County on charges of robbery, conspiracy, theft, fleeing and eluding, reckless driving, DUS-DUI related. ([ECF No. 8-1 at pp.4-5](#).) On February 2, 2007, Plaintiff was sentenced to 1 to 2 years with no credit for time served, plus two years state probation (CP #838/2006).[6] ([ECF No. 8-1 at pp.7-8](#), 17-21.)

On April 30, 2007, the Board revoked Plaintiff's parole due to the new conviction and established his parole violation maximum sentence to be July 30, 2013.[7] ([ECF No. 8-1 at p.9](#).)

On March 2, 2015, Plaintiff was granted early release from the two year probationary aspect of his February 2, 2007 sentence (CP #838/2006) and was required to contact the Collections Department of the Adult Probation Office of Lawrence County to determine if any outstanding balance existed and if so, to enter into a payment plan to pay off his outstanding costs and feed. ([ECF No. 8-1 at pp.24](#), 25.)

---

[5] On June 21, 2004, the Board mailed a recalculation order announcing a recalculated maximum term expiration date of December 20, 2011 on Plaintiff's original twelve-year sentence out of Lawrence County. The recalculation order credited toward that sentence the five months and fourteen days between March 31, 2003, when Plaintiff posted bail on the new criminal charges out of Beaver County, and September 15, 2003, the date of sentencing, which was the period when Plaintiff was held solely on the Board's detainer. The recalculation order did not credit Plaintiff toward his original twelve-year sentence for the seventeen days between his arrest and his posting of bail or for the five months and seventeen days that he served on his Beaver County sentence between September 15, 2003 and March 2, 2004.

[6] However, by Order of the trial court dated May 6, 2008, Plaintiff was given credit for the 49 days he was detained from the date of his arrest on May 13, 2006, to the date his Pennsylvania detainer on his state revocation became effective on June 30, 2006.

[7] Plaintiff insists that his new parole violation maximum sentence should have been calculated to be November 16, 2011.

## B. Discussion

First, Plaintiff's claims are barred by the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid," the plaintiff must, as a threshold matter, show that there has been a "favorable termination" of his prior proceedings by demonstrating that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. The Supreme Court further elaborated in Wilkinson v. Dotson, 544 U.S. 74 (2005), that a § 1983 claim filed by a state prisoner is barred, regardless of the target of the lawsuit, if success in the action "would necessarily demonstrate the invalidity of confinement or its duration." Id. at 82.

Plaintiff has not successfully challenged the Board's recalculation of his sentence, and if this Court were to hold that Plaintiff was, in fact, held beyond his maximum sentence expiration date, which he claims should have been November 16, 2011, the Court would necessarily be holding that Plaintiff's "confinement or its duration" was invalid in violation of the favorable termination requirement announced in Heck.

Additionally, the fact that Plaintiff is challenging the amount of time he served as a result of the recalculation of his sentence, and not the validity of his entire sentence, does not save him from the Heck bar. The Third Circuit Court of Appeals has held that "there is no indication in the opinion that Heck only bars claims that, if established, would invalidate an entire sentence, rather than simply part of a sentence." Royal v. Durison, 254 F. App'x 163, 166 (3d Cir. 2007)

5

(citing Heck, 512 U.S. at 482-83). Furthermore, the fact that Plaintiff is no longer in custody pursuant to his original Lawrence County twelve-year judgment of sentence, and therefore can no longer file a habeas corpus petition challenging any aspect of that incarceration, does not relieve Plaintiff from the favorable termination requirement. *See* Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006) (expressly declining to adopt the rule that Heck's favorable termination requirement does not apply to a prisoner no longer in custody). Since Plaintiff has not established the favorable termination requirement, his claims cannot go forward.[8]

However, less there be any doubt as to the merits of Plaintiff's claims, as far as this Court can tell, the Board did not erroneously recalculate Plaintiff's parole violation maximum date to July 30, 2013. Plaintiff simply does not understand the Board's calculation.

When Plaintiff was first paroled on November 25, 2002, he had served approximately **1,367 days** of his twelve-year sentence, which from February 27, 1999 to February 27, 2011 is **4,383 days** including leap years.

Plaintiff was then given credit against his sentence for the approximately **168 days** he was detained between March 31, 2003, the day he posted bail on the Beaver County charges, and September 15, 2003, the date of sentencing on those charges. Plaintiff was informed by the Board that he received credit against his original twelve-year Lawrence County sentence for this time because he was held solely on the Board's detainer. He did not, however, get credit against his sentence from September 15, 2003, to March 2, 2004, during which time he was serving his Beaver County sentence. The Court recognizes that the judge who issued Plaintiff's Beaver County sentence ordered that sentence to run concurrent with Plaintiff's original Lawrence County sentence, but it was explained to Plaintiff in an Order issued by the Commonwealth

---

[8] Claims denied on Heck grounds are without prejudice. *See* Fottler v. United States, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that Heck dismissals are without prejudice).

6

Court of Pennsylvania dated March 31, 2005 why he had to serve these sentences in consecutive order. *See*, Supples, *supra*.

Plaintiff was then paper paroled from his Beaver County sentence on March 2, 2004, but remained incarcerated in order to serve back time on his original Lawrence County sentence. At this time, the Board recalculated Plaintiff's maximum term expiration date on Plaintiff's original twelve-year sentence to be December 20, 2011. Plaintiff disputes this recalculation, but once again he simply does not understand how his sentence was recalculated. At the time of Plaintiff's paper parole from Beaver County on March 2, 2004, he had served 1,535 days of his twelve-year sentence (1,367 + 168). Thus, he had approximately 2,848 days left to serve (4,383 – 1,535). March 2, 2004 plus 2,848 days equals December 20, 2011.

After he was paper paroled from his Beaver County sentence on March 2, 2004, Plaintiff served approximately **565 days** more of his original twelve-year sentence before he was reparoled on September 19, 2005. Plaintiff was then arrested on new charges out of Lawrence County on May 13, 2006.[9] He was eventually sentenced to 1 to 2 years of incarceration plus two years of probation on those charges, but despite the judge's instructions that the sentence run concurrent to his original Lawrence County sentence, he could not start serving his sentence on the new charges until after he completed his original twelve-year Lawrence County sentence. This was explained to him in the Commonwealth Court of Pennsylvania's Order dated January 20, 2012. *See* Supples v. Kerestes, 548 M.D. 2011 (Pa. Commw. Ct. Jan. 20, 2012) ("Sentences for crimes committed on parole must be served consecutively with time remaining on the original sentence. 61 Pa. C.S. §6138(a)(5)). He did, however, get credit *against his new*

---

[9] Plaintiff vehemently argues that he was out on parole for eight months and twenty days. He is incorrect. There are 236 days between September 19, 2005 and May 13, 2006, which is seven months and 24 days, not including May 13, 2006.

7

*Lawrence County sentence* for time served between May 13, 2006, the date of his arrest, to April 29, 2007, the day before his parole was revoked on his original twelve-year sentence. At that time, on April 30, 2007, Plaintiff still had 2,283 days left to serve on his original twelve-year sentence **(4,383-1,367-168-565=2,283).** That resulted in Plaintiff's parole violation maximum date being extended to July 30, 2013 (April 30, 2007 plus 2,283 days).[10] As such, the Board did not erroneously recalculate Plaintiff's sentence.

## III.  CONCLUSION

For the aforementioned reasons, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 19) be granted and that that Plaintiff's Complaint (ECF No. 3) be dismissed without prejudice.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated:  April 28, 2017.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge


Cc:     Allen Jerome Supples
        MH 3514
        SCI Greene

---

[10] Plaintiff started serving the remainder of his February 2007 sentence out of Lawrence County on July 31, 2013. He was paroled on or about July 30, 2014, and by Order dated March 2, 2015, Plaintiff was granted early release from the two-year probationary aspect of his sentence.

175 Progress Drive
Waynesburg, PA  15370

Counsel for Defendants
*Via CM/ECF electronic mail*